# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

OFFICE OF THE CLERK

**F I L E D**

FEB 13 2004

MICHAEL W. DOBBINS, CLERK
SOFRON B. NEDILSKY DISTRICT COURT
CLERK STATES DISTRICT COURT

362 U.S. COURTHOUSE
517 E. WISCONSIN AVE
MILWAUKEE, WI 53202

# 04CR 169

TEL:  414-297-3372
FAX:  414-297-3203
www.wied.uscourts.gov

February 10, 2004

**JUDGE ANDERSEN**

MAGISTRATE JUDGE LEVIN

Michael W. Dobbins, Clerk
U.S. District Court
Northern District of Illinois
Everett McKinley Dirksen U.S. Courthouse
219 So. Dearborn St.
Chicago, IL 60604

# RECEIVED

FEB 13 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**RE:  U.S. vs Calvin Gooch**
**Our Case Number: 96-CR-57**

**DOCKETED**

FEB 1 3 2004

Dear Mr. Dobbins:

In compliance with the Order Accepting Jurisdiction in the above case, enclosed are **certified** copies of the docket sheet, Indictment, Judgment, Amended Judgment (2) and Transfer Order.  Also included is a financial accounting statement for this defendant.

Please acknowledge receipt on the enclosed copy of this letter and return it in the envelope provided.

Very truly yours,

SOFRON B. NEDILSKY
CLERK

By _Karen Fahrenkrug_
Karen Fahrenkrug
Deputy Clerk

Enclosures
cc: U.S. Probation
    U.S. Marshal
    U.S. Attorney

PROB 22
(Rev. 2/88)

## 04CR 169

**TRANSFER OF JURISDICTION**

| | |
|---|---|
| DOCKET NUMBER *(Tran. Court)* | 96-00057-001 |
| DOCKET NUMBER *(Rec. Court)* | |

FILED

FEB 13 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT '04 JAN 26 P 3 :29 | DIVISION |
|---|---|---|
| Calvin Gooch<br>985 Stockbridge Place<br>Elgin, IL 60120 | Eastern District of Wisconsin | Criminal |

| NAME OF SENTENCING JUDGE |
|---|
| Thomas J. Curran |

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM | TO |
|---|---|---|
| | 6/27/03 | 5/12/06 |

**OFFENSE**

Fraudulently Transporting Payroll Checks With a Value in Excess of $5,00.00 Through Interstate Commerce (18 U.S.C. § 2314)

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Eastern District of Wisconsin

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

12-23-03

_____
Date

_____
Senior United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Northern District of Illinois

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

JAN 2 0 2004

_____
Effective Date

Charles P. Kocoras
_____
United States District Judge

... District Court
... City of ...
I hereby certify that this is
... and correct copy of the original now
... ... of record in my office

...... S. MEDILSKY, Clerk

DATED: 2/10/04

**ORIGINAL**

JUDGE ANDERSEN

MAGISTRATE JUDGE LEVIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**04 CR 169**

'96  MAR 12

UNITED STATES OF AMERICA,

**FILED**

Plaintiff,

FEB 1 3 2004   fg

v.

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case No. 96-CR-
[18 USC § 2314]

CALVIN GOOCH,

Defendant.

---

### INDICTMENT

---

THE GRAND JURY CHARGES:

#### The Scheme

1.     Between on or about January, 1990 to on or about June 1992, in the State
and Eastern District of Wisconsin and elsewhere,

### CALVIN GOOCH

the defendant, executed and attempted to execute a scheme to defraud American Telephone and
Telegraph Company (AT&T), which scheme is further described in the following paragraphs.

2.     Throughout the duration of the scheme, Gooch worked as the Operations
Manager at an AT&T facility at 4353 North Richards Street, Milwaukee, Wisconsin.

3.     As a part of the scheme, Gooch directed his secretary to alter the payroll
time records for herself as well as three other AT&T employees who worked at the Richards
Street facility.

4.     Each week, Gooch directed his secretary to alter the weekly time records
for herself and the three other employees by adding a specified number of overtime hours not

actually worked by these employees and Gooch provided his secretary with the number of hours to include on the weekly time records.

5. Gooch's secretary also encoded the altered time sheets with AT&T organization and labor codes specified by Gooch in order for it to appear that the overtime hours were properly documented and classified.

6. These false and fraudulent weekly time sheets were then sent from the Richards Street facility via Federal Express Courier to an AT&T facility in Alpharetta, Georgia, for entry into AT&T's payroll system.

7. Based upon the false and fraudulent information as contained on the weekly time sheets sent from Milwaukee, Wisconsin, AT&T payroll checks were generated at AT&T's Alpharetta facility. The payroll checks were then forwarded via Airborne Express on a weekly basis to AT&T in Milwaukee for disbursement to each of these employees.

8. Gooch instructed each of these employees to cash his or her paycheck and to give him most or all of the overtime amount.

9. According to AT&T records, $159,970.00 in fraudulent overtime for these four employees was paid as a result of Gooch's scheme to defraud.

## COUNT ONE

From on or about January 1990 to on or about June 1992, in the State and Eastern District of Wisconsin and elsewhere,

### CALVIN GOOCH

the defendant, having executed and attempted to execute the scheme to defraud, did knowingly cause to be transported AT&T payroll checks containing unearned overtime compensation with

2

a value in excess of $5000.00 in interstate commerce from Georgia to Wisconsin knowing the

same to have been transported due to the above-described scheme to defraud.

All in violation of Title 18, United States Code, Section 2314.

A TRUE BILL:

*Perri Malta*

Foreperson

Dated: March 12, 1996

THOMAS P. SCHNEIDER
United States Attorney

3

**04CR169**

**U.S. DIST. COURT EAST. DIST. WISC.**
**FILED**

DEC - 5 1996

O'CLOCK
SOFRON B. NEDILSKY

JUDGE ANDERSEN **UNITED STATES DISTRICT COURT**

Eastern District of Wisconsin

MAGISTRATE JUDGE LEVIN

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |

CALVIN GOOCH  F I L E D Case Number: 96-CR-57

(Name of Defendant FEB 1 2 2004  *CQ*  **Leroy Kramer**

Defendant's Attorney

THE DEFENDANT:      **MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

[ ] pleaded guilty to count(s)_____
[X] was found guilty on count __one_____after a
     plea of not guilty.
     Accordingly, the defendant is adjudged guilty of such count(s), which involve the
following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:2314 | Fraudulently transporting payroll checks with a value in excess of $5,000 through interstate commerce. | June, 1992 | Count 1 |

     The defendant is sentenced as provided in pages 2 through __5__ of this judgment.  The
sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ]   The defendant has been found not guilty on count(s)_____
     and is discharged as to such count(s).
[ ]   Count(s)_____(is)(are) dismissed on the motion of the United States.
[X]   It is ordered that the defendant shall pay a special assessment of $ _50.00_____for
     count __one_____, which shall be due [ ] immediately [X] as follows:

          **To be paid within thirty (30) days.**

     IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of name, residence, or mailing address until all fines,
restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: __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_____

Defendant's Date of Birth: __06/19/52_____

Defendant's Mailing Address:

__638 Anne Court_____

__Bolingbrook, IL   60440_____

Defendant's Residence Address:

__Same as above._____

**November 25, 1996**
Date of Imposition of Sentence

Signature of Judicial Officer
**Thomas J. Curran**
__United States District Judge__
Name & Title of Judicial Officer

__November 5, 1996__
Date

SOFRON B. NEDILSKY, Clerk

Date: 2/10/04

AO 245 S (Rev.4/90) Sheet 2 - Imprisonment

Defendant:      **Calvin Gooch**                    Judgment--Page **2** of **5**
Case Number:    **96-CR-57**

### IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __**Forty-Six (46) Months**__.

[ ] The court makes the following recommendations to the Bureau of Prisons:

[ ] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.

               a.m.
    [ ] at_____p.m. on _____
    [ ] as notified by the United States Marshal.
[X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    [X] before 2 p.m. on __**January 3, 1997**_____
    [ ] as notified by the United States Marshal.
    [X] as notified by the probation office.

### RETURN

    I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

                              _____
                              United States Marshal

                  By _____
                           Deputy Marshal

AO 245 S (Rev.4/90) Sheet 3 - Supervised Release

Defendant: **Calvin Gooch**                    Judgment--Page **3** of **5**
Case Number: **96-CR-57**

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ____ **Three (3) years** ____ .

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[X]   The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[X]   The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[X]   The defendant shall not possess a firearm or destructive device.

1)   **Court waives drug testing.**
2)   **Defendant is to pay restitution at a rate of no less than $200.00 per month as set forth by the court.**
3)   **Defendant shall provide the probation officer with access to all financial information.**
4)   **Defendant shall not open new lines of credit without previous approval from the probation officer.**
5)   **Defendant is to cooperate with the IRS and submit all delinquent tax returns and pay all back taxes and interest as directed by the probation officer.**
6)   **Defendant shall pay $50.00 per month towards repayment of court appointed counsel until paid in full.**

**The court determines the defendant does not have the financial ability to pay the fine or the costs of incarceration, community confinement and supervision and waives fine and the costs of incarceration, community confinement and supervision in this case.**

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev.4/90) Sheet 6 - Restitution and Forfeiture

| | | |
|---|---|---|
| Defendant: | **Calvin Gooch** | Judgment--Page __4__ of __5__ |
| Case Number: | **96-CR-57** | |

### RESTITUTION AND FORFEITURE

### RESTITUTION

[X] The defendant shall make restitution to the following persons in the
following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| AT&T Law Division<br>227 West Monroe Street, Suite 1300<br>Chicago, IL   60606<br>ATTN: Robert W. Quinn, Jr., Esq. | $377,441.00<br>(Less amount paid - $6,600.00)<br>TOTAL: $370,041.00 |

Payments of restitution are to be made to:

[X] the United States Attorney for transfer to the payee(s).
[ ] the payee(s).

Restitution shall be paid:

[ ] in full immediately
[ ] in full not later than _____.
[ ] in equal monthly installments over a period of _____ months.  The first
    payment is due on the date of this judgment. Subsequent payments are due
    monthly thereafter.
[X] in installments according to the following schedule of payments:

**The court further determines that the defendant is to participate in the Federal Bureau
of Prisons Inmate Financial Responsibility Program not to exceed 50% of his earnings.
Payments are to apply first to the special assessment and thereafter to the restitution
until paid in full.  During the supervised release period any unpaid balance is to be
paid in installments as set forth by the court.  The probation officer is to meet with
the defendant periodically for the purpose of suggesting an appropriate installment
payment.  The court retains supervision and control over the defendant and any problems
encountered in the enforcement of this order, by either the probation department or the
defendant, is to be brought to the attention of the court for resolution.**

Any payment shall be divided proportionately among the payees named unless
otherwise specified here.

---

### FORFEITURE
[ ] The defendant is ordered to forfeit the following property to the United
    States:

---

AO 245 S (Rev.4/90) Sheet 7 – Statement of Reasons

Defendant:      **Calvin Gooch**                    Judgment--Page __5__ of __5__
Case Number:    **96-CR-57**

## STATEMENT OF REASONS

[X] The court adopts the factual findings and guideline application in the
presentence report.

OR

[ ] The court adopts the factual findings and guideline application in the
presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: _____**23**_____

Criminal History Category: ____**I**____

Imprisonment Range: __**46**__ to __**57**__ months

Supervised Release Range: __**2**__ to __**3**__ years

Fine Range: $ __**6,000.00**__ to $ __**60,000.00**__

[X] Fine is waived because of the defendant's inability to pay.

Restitution: $ __**377,441.00**__

[ ] Full restitution is not ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the
court finds no reason to depart from the sentence called for by the application of the
guidelines.

OR

[X] The sentence is within the guideline range, that range exceeds 24 months, and the sentence
is imposed for the following reason(s):
**Sentence imposed is at the low end of the guideline range based on:**
1)    **Defendant is a veteran of the Air Force and honorably discharged;**
2)    **Defendant's first offense;**
3)    **Sentence imposed is adequate to address the gravity of the offense.**

OR

The sentence departs from the guideline range

[ ] upon motion of the government, as a result of defendant's substantial assistance.
[ ] for the following reasons:

AO 245 S (Rev.4/90) Sheet 1 — Judgment In a Criminal Case

JUDGE ANDERSEN **UNITED STATES DISTRICT COURT**

FILED
U.S. DIST. COURT EAST DIST. WISC.
JUN 2 7 2003

_____Eastern_____ District of ___Wisconsin___

MAGISTRATE JUDGE LEVIN
UNITED STATES OF AMERICA

V.

CALVIN GOOCH       F I L E D

(Name of Defendant)    FEB 1 3 2004

MICHAEL W. DOR****
CLERK, U.S. DISTRICT COURT

**AMENDED**
**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **96-CR-57**

John **Birdsall**
Defendant's Attorney

THE DEFENDANT:

[ ] pleaded guilty to count(s)_____
[ ] was found guilty on count _____after a
    plea of not guilty.
    Accordingly, the defendant is adjudged guilty of such count(s), which involve the
following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| | | | |

**Upon application of the U.S. Probation Officer Frederic T. Robinson, the defendant has been found to have violated the conditions of supervised release imposed on November 25, 1996, the supervised release term is hereby revoked.**

    The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The
sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ]  The defendant has been found not guilty on count(s)_____
     and is discharged as to such count(s).
[ ]  Count(s)_____(is)(are) dismissed on the motion of the United States.
[ ]  It is ordered that the defendant shall pay a special assessment of $_____for count
     _____, which shall be due [ ] immediately [] as follows:


    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of name, residence, or mailing address until all fines,
restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:___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_____

Defendant's Date of Birth:___06/19/52_____

Defendant's Mailing Address:

**985 Stockbridge Place**_____

**Elgin, IL 60120**_____

Defendant's Residence Address:

**Same as above.**_____

___June 27, 2003_____
Date of Imposition of Sentence

Signature of Judicial Officer
**Thomas J. Curran**
**United States District Judge**
Name & Title of Judicial Officer

_June 30, 2003_
Date

... S. RC & SAY, Clerk
DATED: 2/10/04

Defendant: **Calvin** Gooch       Judgment--Page __2__ of__5__
Case Number: **96-CR-57**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons
to be imprisoned for a term of ___**Two (2) months with work release.**___


[X] The court makes the following recommendations to the Bureau of Prisons:

     **That the defendant be placed in a Community Confinement Center.**


[ ] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.

                  a.m.
     [ ] at_____p.m. on _____
     [ ] as notified by the United States Marshal.
[X] The defendant shall surrender for service of sentence at the institution designated by the
Bureau of Prisons,
     [ ] before 2 p.m. on _____
     [ ] as notified by the United States Marshal.
     [X] as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____
at _____, with a certified copy of
this judgment.

                     _____
                           United States Marshal

               By _____
                           Deputy Marshal

AO 245 S (Rev.4/90) Sheet 3 - Supervised Release

Defendant: **Calvin Gooch**              Judgment--Page 3 of 5
Case Number: **96-CR-57**

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Thirty (30) months** .

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[X]  The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[X]  The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[X]  The defendant shall not possess a firearm or destructive device

1)  **Upon release from prison the defendant is to be placed on Home Confinement with electronic monitoring for period of 2 months. Costs of monitoring are to be paid by the Deft. Defendant is to obey all the rules of Home Confinement as directed by the Probation Officer.**

2)  **Defendant is to pay restitution in the amount of $362,917.51 and at a rate of no less than $250.00 per month less any amount that has already been paid as part of the civil judgment. 100% of any Federal or State income tax refunds shall be applied towards payment of restitution. Defendant shall not change exemptions for Federal or State return without Prob. Officers approval.**

3)  **Defendant shall provide the probation officer with access to all financial information including copies of Federal & State income tax returns. Returns are to be filed in timel manner.**

4)  **Defendant shall not open new lines of credit without approval from the probation officer. After court ordered financial obligations have been satisfied this condition is no long in effect.**

5)  **Defendant is to cooperate with the IRS and submit all delinquent tax returns and pay all back taxes and interest as directed by the probation officer.**

6)  **Defendant is to submit to a warrant less search of person, premises or vehicle with cause by a Probation Officer.**

**The court determines the defendant does not have the financial ability to pay the costs of incarceration, community confinement or supervision and waives fine and the costs of incarceration, community confinement and supervision in this case.**

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer:

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification

Defendant: **Calvin Gooch**                   Judgment--Page __4__ of __5__
Case Number: **96-CR-57**

### RESTITUTION AND FORFEITURE

#### RESTITUTION

[X] The defendant shall make restitution to the following persons in the
following amounts:

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| AT&T Law Division | |
| 227 West Monroe Street, Suite 1300 | Balance Due: |
| Chicago, IL   60606 | $362,917.51 |
| ATTN: Robert W. Quinn, Jr., Esq. | |

Payments of restitution are to be made to:

[X] the United States Attorney for transfer to the payee(s).
[ ] the payee(s).

Restitution shall be paid:

[ ] in full immediately
[ ] in full not later than _____.
[ ] in equal monthly installments over a period of _____ months.  The first
    payment is due on the date of this judgment. Subsequent payments are due
    monthly thereafter.
[X] in installments according to the following schedule of payments:

 During the supervised release period any unpaid balance is to be paid in installments
at a rate of $250.00 per month.  The probation officer is to meet with the defendant
periodically for the purpose of suggesting an appropriate installment payment.  The
court retains supervision and control over the defendant and any problems encountered
in the enforcement of this order, by either the probation department or the defendant,
is to be brought to the attention of the court for resolution.

Any payment shall be divided proportionately among the payees named unless
otherwise specified here.

---

#### FORFEITURE
[ ] The defendant is ordered to forfeit the following property to the United
    States:

AO 245 S (Rev.4/90) Sheet 7 - Statement of Reasons

Defendant:      **Calvin Gooch**                     Judgment--Page _5_ of _5_
Case Number:    **96-CR-57**

## STATEMENT OF REASONS

[X] The court adopts the factual findings and guideline application in the presentence report.

OR

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: _____**B**_____

Criminal History Category: ____**I**_____

Imprisonment Range: __**4**__ to __**10**__ months

Supervised Release Range: ____ to __**3**__ years

Fine Range: $_____ to $ _____

     [X] Fine is waived because of the defendant's inability to pay.

Restitution: $ __**362,917.51**__
**Unpaid CJA fees: $16,288.17**

     [ ] Full restitution is not ordered for the following reason(s):

[X] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

OR

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

     [ ] upon motion of the government, as a result of defendant's substantial assistance.
     [ ] for the following reasons:

AO 245 S (Rev.4/90) Sheet 1 - Judgment in a Criminal Case

JUDGE ANDERSEN
# UNITED STATES DISTRICT COURT

_____Eastern_____ District of ___Wisconsin___

MAGISTRATE JUDGE LEVIN

UNITED STATES OF AMERICA

v.

**FILE**

**AMENDED**

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

CALVIN GOOCH

FEB 1 3 2004

Case Number: 96-CR-57

(Name of Defendant)          ___John Birdsall___

MICHAEL W. D○⁙ ·⁙ ⁙,          Defendant's Attorney

CLERK, U.S. DISTRICT ⌐⌐⌐⌐⌐

THE DEFENDANT:

[ ] pleaded guilty to count(s)_____
[ ] was found guilty on count _____ after a
    plea of not guilty.
    Accordingly, the defendant is adjudged guilty of such count(s), which involve the
following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|

**Upon application of the U.S. Probation Officer Frederic T. Robinson, the defendant has been found to have violated the conditions of supervised release imposed on November 25, 1996, the supervised release term is hereby revoked.**

    The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s)_____
    and is discharged as to such count(s).
[ ]   Count(s)_____(is)(are) dismissed on the motion of the United States.
[ ]   It is ordered that the defendant shall pay a special assessment of $_____for count
    _____, which shall be due [ ] immediately [] as follows:

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:___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_____

Defendant's Date of Birth:___06/19/52_____

Defendant's Mailing Address:

**985 Stockbridge Place**

**Elgin, IL 60120**

Defendant's Residence Address:

**Same as above.**

___August 26, 2003___
Date of Imposition of Sentence

_____
Signature of Judicial Officer
**Thomas J. Curran**
__United States District Judge__
Name & Title of Judicial Officer

___August 26, 2003___
    Date

I hereby certify that this is
a true and correct copy of the original now
remaining of record in my office.

SOFRON B. NEDILSKY, Clerk

DATED: 2/10/04

AO 245 S (Rev.4/90) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| Defendant: | **Calvin Gooch** | Judgment--Page __2__ of __5__ |
| Case Number: | **96-CR-57** | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __**One (1) day.**__

[ ] The court makes the following recommendations to the Bureau of Prisons:

[ ] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.

                 a.m.
   [ ] at_____p.m. on _____
   [ ] as notified by the United States Marshal.
[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
   [ ] before 2 p.m. on _____
   [ ] as notified by the United States Marshal.
   [ ] as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
          United States Marshal

By _____
          Deputy Marshal

AO 245 S (Rev.4/90) Sheet 3 - Supervised Release

Defendant:    Calvin Gooch          Judgment--Page __3__ of __5__
Case Number:  96-CR-57

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    **Thirty- five (35) months**   .

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[X] The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[X] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[X] The defendant shall not possess a firearm or destructive device

1) Upon release from prison for the first 60 days the defendant is to be placed in a Community Correctional facility upon the first available vacancy thereafter followed by Home Confinement with electronic monitoring for a period of 60 days. Costs of monitoring are to be paid by the Deft. Defendant is to obey all the rules of the Community Correctional facility and Home Confinement as directed by the Probation Officer.

2) Defendant is to pay restitution in the amount of $362,917.51 and at a rate of no less than $250.00 per month less any amount that has already been paid as part of the civil judgment. 100% of any Federal or State income tax refunds shall be applied towards payment of restitution. Defendant shall not change exemptions for Federal or State return without Prob. Officers approval.

3) Defendant shall provide the probation officer with access to all financial information including copies of Federal & State income tax returns. Returns are to be filed in timel manner.

4) Defendant shall not open new lines of credit without approval from the probation officer. After court ordered financial obligations have been satisfied this condition is no long in effect.

5) Defendant is to cooperate with the IRS and submit all delinquent tax returns and pay all back taxes and interest as directed by the probation officer.

6) Defendant and any person in the household is to submit to a warrant less search of person, premises or vehicle with cause by a Probation Officer.

The court determines the defendant does not have the financial ability to pay the costs of incarceration, community confinement or supervision and waives fine and the costs of incarceration, community confinement and supervision in this case.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev.4/90) Sheet 6 - Restitution and Forfeiture

| | |
|---|---|
| Defendant: **Calvin Gooch** | Judgment--Page __4__ of __5__ |
| Case Number: **96-CR-57** | |

## RESTITUTION AND FORFEITURE

### RESTITUTION

[X] The defendant shall make restitution to the following persons in the following amounts:

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| AT&T Law Division | |
| 227 West Monroe Street, Suite 1300 | Balance Due: |
| Chicago, IL   60606 | $362,917.51 |
| ATTN: Robert W. Quinn, Jr., Esq. | |

Payments of restitution are to be made to:

  [X] the United States Attorney for transfer to the payee(s).
  [ ] the payee(s).

Restitution shall be paid:

  [ ] in full immediately
  [ ] in full not later than _____.
  [ ] in equal monthly installments over a period of _____ months.  The first
      payment is due on the date of this judgment. Subsequent payments are due
      monthly thereafter.
  [X] in installments according to the following schedule of payments:

During the supervised release period any unpaid balance is to be paid in installments
at a rate of $250.00 per month.  The probation officer is to meet with the defendant
periodically for the purpose of suggesting an appropriate installment payment.  The
court retains supervision and control over the defendant and any problems encountered
in the enforcement of this order, by either the probation department or the defendant,
is to be brought to the attention of the court for resolution.

Any payment shall be divided proportionately among the payees named unless
otherwise specified here.

---

### FORFEITURE
[ ] The defendant is ordered to forfeit the following property to the United
    States:

AO 245 S (Rev.4/90) Sheet 7 - Statement of Reasons

Defendant:        **Calvin Gooch**                    Judgment--Page **5** of **5**
Case Number:      **96-CR-57**

## STATEMENT OF REASONS

[X] The court adopts the factual findings and guideline application in the
presentence report.

OR

[ ] The court adopts the factual findings and guideline application in the
presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

    Total Offense Level: _____**B**_____

    Criminal History Category: ____**I**_____

    Imprisonment Range: __**4**__ to __**10**__ months

    Supervised Release Range: ____ to __**3**__ years

    Fine Range: $_____ to $ _____

        [X] Fine is waived because of the defendant's inability to pay.

    Restitution: $ __**362,917.51**__
    **Unpaid CJA fees: $16,288.17**


        [ ] Full restitution is not ordered for the following reason(s):



[X] The sentence is within the guideline range, that range does not exceed 24 months, and the
court finds no reason to depart from the sentence called for by the application of the
guidelines.
OR


[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence
is imposed for the following reason(s):
OR


The sentence departs from the guideline range

        [ ] upon motion of the government, as a result of defendant's substantial assistance.
        [ ] for the following reasons:

```
FEDERAL COURT SYSTEMS
EASTERN DISTRICT OF WISCONSIN
CASE INQUIRY REPORT
```

RUN ON: 01/28/04                                                              PAGE: 1

JUDGE ANDERSEN
MAGISTRATE JUDGE LEVIN

04CR 169

CASE NO: 1:96-CR-000057        TITLE: USA VS GOOCH

| DEFENDANT #      | PAYEE                | RECEIPT/VOUCHER NUMBER | RECEIPT/VOUCHER DATE | ORDERED AMOUNT | AMOUNT PAID | BALANCE DUE | INCREASE/DECREASE/CASE BAL | TYPE OF TRANS-ACTION | ACCOUNT NUMBER | DEF PAYEE BANK NO | REMARKS |
|------------------|----------------------|------------------------|----------------------|----------------|-------------|-------------|----------------------------|----------------------|----------------|-------------------|---------|
| 1 GOOCH, CALVIN  | BD THRU BOP          |                        |                      | 370,041.00     |             |             |                            |                      |                |                   |         |
| 1 GOOCH, CALVIN  | LUCENT TECHNOLOGIES  |                        |                      |                |             |             |                            |                      |                |                   |         |
|                  |                      | 100288504001           | 11/25/96             | 50.00          |             |             | 50.00                      | CR                   | 504100         | 1                 |         |
|                  |                      | 207791370L             | 04/22/97             | 25.00          |             |             | 25.00                      | CV                   | 6855XX         | 1                 | 3/97 BOP |
|                  |                      | 100508970              | 10/14/97             | 25.00          |             |             | -25.00                     | CK                   | 6855XX         | 1                 | BOP 9/97 |
|                  |                      | ...69                  | 11/21/97             | 25.00          |             |             | -25.00                     | CV                   | 6855XX         | 1                 | 12/97 BOP |
|                  |                      | 100782241674           | 01/08/98             | 25.00          |             |             | 25.00                      | CR                   | 6855XX         | 1                 |         |
|                  |                      | 20?44- 85              | 02/05/98             |                |             |             | -25.00                     | CV                   | 6855XX         | 1                 | 12/97 BOP |
|                  |                      | 100?9413690            | 04/13/98             |                |             |             | 25.00                      | CK                   | 6855XX         | 1                 | 3/98 BOP |
|                  |                      | 2266C- 6               | 05/07/98             |                |             |             | -25.00                     | CV                   | 6855XX         | 1                 | 3/98 BOP |
|                  |                      | 1009594083             | 07/15/98             |                |             |             | 25.00                      | CK                   | 6855XX         | 1                 | 6/98 BOP |
|                  |                      | 3889- 64               | 08/14/98             |                |             |             | -25.00                     | CV                   | 6855XX         | 1                 | 6/98 BOP |
|                  |                      | 1097764279             | 10/13/98             |                |             |             | 25.00                      | CR                   | 6855XX         | 1                 | 9/98 BOP |
|                  |                      | 30762- 88              | 10/23/98             |                |             |             | -25.00                     | CV                   | 6855XX         | 1                 | 9/98 BOP |
|                  |                      | 1000099269979          | 01/32/99             |                |             |             | 25.00                      | CK                   | 6855XX         | 1                 | 12/98 BOP |
|                  |                      | 31806- 31              | 02/19/99             |                |             |             | -25.00                     | CV                   | 6855XX         | 1                 | 12/98 BOP |

OWED
370,041.00        0.00        370,041.00

PAID
25.00        8,498.49        8,523.49

BALANCE OWED
-25.00        361,542.51        361,517.52

ORDERED AMOUNT        AMOUNT PAID        BALANCE DUE
370,091.00              50.00             0.00
                     8,773.49           361,317.51
                                        361,317.51

ACCOUNT      PAYMENT TYPE
504100       MISCELLANEOUS
6855XX       RESTITUTION

F I L E D
FEB 1 3 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:04-cr-00169    Document 1    Filed 02/13/2004    Page 22 of 31

# 04CR 169

**CLOSED**

## U.S. District Court

**JUDGE ANDERSEN**

### Eastern District of Wisconsin (Milwaukee)
### CRIMINAL DOCKET FOR CASE #: 2:96-cr-00057-TJC-ALL
Internal Use Only

MAGISTRATE JUDGE LEVIN

**Case title:** USA v. Gooch
**Other court case number(s):** ?`6, :96- -04060
**Magistrate judge case number(s):** None

**Date Filed:** 03/12/96

# FILED

FEB 1 3 2004   *0*

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

**Assigned to:** Senior Judge Thomas J
Curran
**Referred to:**

**Defendant(s)**
--------------------

**Calvin Gooch** (1)
*TERMINATED: 11/25/1996*

represented by  **Alzono Zahour**
Alonzo Zahour Law Office
101 Royce Rd - Ste 8
Bollingbrook, IL 60440
630-759-3631
*TERMINATED: 11/25/1996*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**LeRoy Kramer, III**
Kramer Law Office
151 E Bay St
Harbor Springs, MI 49740
616-526-6600
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Pending Counts**
--------------------

None

**Disposition**
----------------

**Highest Offense Level (Opening)**
------------------------------------------

None

I hereby certify that this is
a true and correct copy of the original now
remaining of record in my office.

SOPHON B. NEDILSKY, Clerk

DATED: 2/10/04

**Terminated Counts**
-----------------------------

18:2314 SCHEME TO DEFRAUD:
MONEY, STATE TAX STAMPS - did
knowingly cause to be transported payroll
checks containing unearned overtime
compensation in interstate commerce.
(1)

**Disposition**
-----------------

SENT: 46 mos imprisonment; 3 yrs
supervised release; $377,441.00 restitution;
$50.00 special assessment

**Highest Offense Level (Terminated)**
-----------------------------------------------

Felony

**Complaints**
-----------------

None

**Disposition**
-----------------

**Plaintiff**
-----------------------

**USA**

represented by **Lisa T Warwick**
United States Department of Justice
(ED-WI)
Office of the US Attorney
517 E Wisconsin Ave - Rm 530
Milwaukee, WI 53202
414-297-1704
Fax : 414-297-1738
Email: lisa.warwick@usdoj.gov
*TERMINATED: 12/13/1996*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melvin K Washington**
United States Department of Justice
(ED-WI)
Office of the US Attorney
517 E Wisconsin Ave - Rm 530
Milwaukee, WI 53202
414-297-1700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 03/12/1996 | 1 | INDICTMENT by USA Counts filed against Calvin Gooch (1) count(s) 1 (cad, ) (Entered: 03/13/1996) |
| 03/15/1996 | 2 | NOTICE of hearing ; Arraignment set for 9:00 3/29/96 ctrm 498 for Calvin Gooch (cad, ) |
| 03/29/1996 | 3 | HEARING MINUTES: before Mag Judge Aaron E. Goodstein dft Calvin Gooch arraigned; not guilty plea entered; to Mag Judge William E. Callahan pretrial conference set for 8:45 5/24/96 for Calvin Gooch ; pretrial motions set for 4/9/96, 4/19/96 at 4/24/96 for Calvin Gooch ; jury trial Court will appiont counsel for deft. set for 9:30 6/3/96 for Calvin Gooch , O/R Bond set for Calvin Gooch w/following conditions: deft's travel is restricted to Eastern District of Wisconsin and Northern District of Illinois (bdf, ) (Entered: 04/01/1996) |
| 03/29/1996 | 4 | ORDER setting conditions of release for Calvin Gooch by Mag Judge Aaron E. Goodstein (bdf, ) (Entered: 04/01/1996) |
| 03/29/1996 | 5 | CJA Form 20 Copy 4 (Appointment of Counsel) as to Calvin Gooch ; Attorney LeRoy Kramer appointed (bdr, ) (Entered: 04/04/1996) |
| 04/19/1996 | | TRANSMIT file on April 19, 1996 to Judge Thomas J. Curran (bdf, ) |
| 04/19/1996 | | Docket Modification (Utility) terminating case referral (bdf, ) |
| 05/14/1996 | 6 | MOTION to continue final pretrial conference and jury trial by Calvin Gooch (bdf, ) (Entered: 05/15/1996) |
| 05/14/1996 | 7 | MOTION to waive maximum fees for attorney compensation by Calvin Gooch (bdf, ) (Entered: 05/15/1996) |
| 05/14/1996 | 8 | CERTIFICATE of counsel pursuant to Rule 6(a)(2) by defendant Calvin Gooch (bdf, ) (Entered: 05/15/1996) |
| 05/16/1996 | 9 | ORDER by Judge Thomas J. Curran granting motion to waive maximum fees for attorney compensation provided in 18:3006A(2) [7-1], granting motion to continue final pretrial conference and jury trial [6-1] ; pretrial conference set for 8:30 8/7/96 for Gooch ; jury trial set for 9:30 8/19/96 for Calvin Gooch (cc: all counsel) (bdf, ) (Entered: 05/17/1996) |

| 06/24/1996 | 10 | LETTER from defendant Calvin Gooch requesting to attend a family reunion in Dayton, Ohio on 6/28/96 thru 6/30/96 (bdf, ) |
| 06/24/1996 |    | MARGINAL ORDER by Mag Judge William E. Callahan granting deft Gooch request to travel to Dayton, Ohio on June 28th thru June 30th. (cc: all counsel) (bdf, ) |
| 08/07/1996 | 11 | HEARING MINUTES: FPT before Judge Thomas J. Curran; Defts to file motion in limine. Any plea agreement s/b filed with the court by the 13th of August. (cad, ) |
| 08/14/1996 | 12 | JOINT PRETRIAL REPORT by defendant Calvin Gooch, plaintiff USA (cad, ) |
| 08/14/1996 | 13 | PROPOSED VOIR DIRE submitted by USA (cad, ) |
| 08/14/1996 | 14 | STIPULATION I between all parties (cad, ) |
| 08/14/1996 | 15 | PROPOSED JURY INSTRUCTIONS submitted by USA (cad, ) |
| 08/14/1996 | 16 | WITNESS list submitted by USA (cad, ) |
| 08/15/1996 | 17 | AMENDED JOINT PRE-TRIAL REPORT by defendant Calvin Gooch, USA (cad, ) (Entered: 08/16/1996) |
| 08/15/1996 | 18 | PROPOSED VOIR DIRE submitted by USA (cad, ) (Entered: 08/16/1996) |
| 08/15/1996 | 19 | WITNESS list by USA (cad, ) (Entered: 08/16/1996) |
| 08/19/1996 | 20 | HEARING MINUTES: before Judge Thomas J. Curran trial began and lasted 4 days , finding Calvin Gooch (1) count(s) 1 Guilty. , Adjudged guilty. PSR ordered. ; Sentencing hearing set for 8:45 11/25/96 Bond is continued with weekly reporting by phone to PTS & in person once a month. Defts move for direct verdict. Deft moves for dismissal. Court will take motion under consideration. (cad, ) (Entered: 08/26/1996) |
| 08/23/1996 | 21 | VERDICT of Guilty as to Calvin Gooch (cad, ) (Entered: 08/26/1996) |
| 08/23/1996 | 22 | EXHIBITS received for plaintiff USA ; exhibit list filed (tlf, ) (Entered: 08/26/1996) |

| 08/29/1996 | 23 | MOTION for judgment of acquittal by Calvin Gooch (bdf, ) |
|---|---|---|
| 08/29/1996 | 24 | MEMORANDUM by defendant Calvin Gooch in support motion for judgment of acquittal [23-1] (bdf, ) |
| 08/29/1996 | 25 | RESPONSE by plaintiff USA to motion for judgment of acquittal [23-1] (cad, ) (Entered: 08/30/1996) |
| 09/11/1996 | 26 | LETTER RESPONSE by USA to motion for judgment of acquittal [23-1] (cad, ) |
| 09/12/1996 | 27 | BRIEF of Govt's Version of the Offense by USA (cad, ) |
| 09/24/1996 | 28 | TRANSCRIPT of Excerpt of Trial Proceedings (Motion for Judgement of Acquittal) held on 8/23/96. (cad, ) (Entered: 09/25/1996) |
| 11/22/1996 | 29 | DECISION & ORDER by Judge Thomas J. Curran denying motion for judgment of acquittal [23-1] (cc: all counsel) (cad, ) (Entered: 11/25/1996) |
| 11/25/1996 | 30 | HEARING MINUTES: Sentencing before Judge Thomas J. Curran Calvin Gooch (1) count(s) 1. SENT: 46 mos imprisonment. Deft to surrender before 2 p.m. on 1/3/97. Conditions of Supervised Release imposed. See Judgment for additional details. RESTITUTION: $377,441.00. SPECIAL ASSESSMENT: $50.00. , terminating party Calvin Gooch , case terminated (cad, ) (Entered: 12/06/1996) |
| 12/05/1996 | 31 | JUDGMENT and Commitment issued to U.S. Marshal as to Calvin Gooch by Judge Thomas J. Curran (cc: all counsel) (cad, ) (Entered: 12/06/1996) |
| 12/05/1996 | 36 | APPEAL Notice to USCA by defendant CALVIN GOOCH regarding [31-1] (cc: all counsel) (tlf, ) (Entered: 12/06/1996) |
| 12/06/1996 | 32 | MOTION in limine by Calvin Gooch (Original file date of 8/19/96) (cad, ) |
| 12/06/1996 | 33 | MEMORANDUM by defendant Calvin Gooch in support motion in limine [32-1] (Original file date of 8/19/96) (cad, ) |
| 12/06/1996 | | Docket Modification (Utility) finding the motion in limine [32-1] moot. (cad, ) |

| 12/06/1996 | 34 | STIPULATION I between all parties (Original file date of 8/19/96) (cad, ) |
| 12/06/1996 | 35 | STIPULATION III between all parties (Original file date of 8/22/96) (cad, ) |
| 12/06/1996 | | SHORT RECORD Transmitted to USCA for defendant CALVIN GOOCH Re: [36-1] (cc: all counsel) (tlf, ) |
| 12/06/1996 | | Criminal Appeal Record Prepared for defendant CALVIN GOOCH (tlf, ) |
| 12/17/1996 | | As to defendant CALVIN GOOCH Re: Notice of Appeal [36-1] filed 12/5/96; Appeal Number: 96-4060 received from USCA (tlf, ) |
| 02/03/1997 | 37 | TRANSCRIPT of Jury Trial (Volume 1) held on 8/19/96 (cad, ) |
| 02/03/1997 | 38 | TRANSCRIPT of Jury Trial (Volume 2) held on 8/20/96 (cad, ) |
| 02/03/1997 | 39 | TRANSCRIPT of Jury Trial (Volume 3) held on 8/21/96 (cad, ) |
| 02/03/1997 | 40 | TRANSCRIPT of Jury Trial (Volume 4) held on 8/22/96 (cad, ) |
| 02/03/1997 | 41 | TRANSCRIPT of Jury Trial (Volume 5) held on 8/23/96 (cad, ) |
| 02/06/1997 | 43 | LETTER to Judge Curran from defendant Calvin Gooch regarding a motion for release pending appeal (cad, ) (Entered: 02/10/1997) |
| 02/07/1997 | 42 | MOTION for Release pending appeal by Calvin Gooch (cad, ) (Entered: 02/10/1997) |
| 02/07/1997 | 44 | LETTER from Judge Curran to Calvin Gooch reponding to defts letter of 2/6/97. (cad, ) (Entered: 02/10/1997) |
| 02/14/1997 | 45 | ORDER by Senior Judge Thomas J. Curran that the govt shall respond to Calvin Gooch's motion for release pending appeal w/in 7 days of the date of this order. (cc: all counsel) (cad, ) |
| 02/21/1997 | 46 | LETTER RESPONSE by USA to motion for Release pending appeal [42-1] (cad, ) (Entered: 02/24/1997) |
| 03/07/1997 | 48 | NOTICE of change of address by Atty LeRoy Kramer, III; New |

address: 4141 Farmington La, Racine, WI 53403 (cad, ) (Entered: 03/28/1997)

| | | | |
|---|---|---|---|
| 03/10/1997 | 47 | ORDER by Senior Judge Thomas J. Curran denying motion for Release pending appeal [42-1] (cc: all counsel) (cad, ) | |
| 04/14/1997 | 49 | MOTION Enlarge the Appeal Record by USA as to CALVIN GOOCH (tlf, ) (Entered: 04/16/1997) | |
| 04/17/1997 | 50 | ORDER by Senior Judge Thomas J. Curran granting motion Enlarge the Appeal Record [49-1] (cc: all counsel) (tlf, ) (Entered: 04/21/1997) | |
| 04/30/1997 | 51 | TRANSCRIPT of Jury Trial (closing aruguments) held on 8/23/96 for defendant Calvin Gooch (cad, ) | |
| 05/02/1997 | 52 | Criminal Appeal Record REQUEST received from USCA - defendant CALVIN GOOCH USCA Number: 96-4060 (ers, ) | |
| 05/05/1997 | | RECORD on Appeal sent to USCA for defendant CALVIN GOOCH consisting of 1 Volume of Pleadimgs & 2 Loose Pleadings 7 Transcripts, 3 Boxes of Exhibits & 1 PSR Report USCA Number: 96-4060 Re: [36-1] (cc: all counsel) (ers, ) | |
| 08/13/1997 | 53 | MANDATE/CERTIFIED COPY from USCA USCA Number: 96-4060 AFFIRMING the decision of the District Court [36-1] for defendant CALVIN GOOCH (ers, ) | |
| 08/13/1997 | | APPEAL RECORD RETURNED consisting of 1 Volume of Pleadings, 2 Loose Pleadings, 7 Transcripts, 3 Volumes of Exhibits & 1 PSR (Destroyed) as to defendant CALVIN GOOCH USCA Number: 96-4060 (ers, ) | |
| 12/29/1997 | 54 | LETTER from defendant Calvin Gooch's atty Kramer seeking home confinement (djd, ) (Entered: 01/06/1998) | |
| 12/29/1997 | 55 | NOTICE from Judge Curran to Atty Kramer stating under pre-release custody, determination of home confinement is delegated to BOP (djd, ) (Entered: 01/06/1998) | |
| 05/04/1998 | 56 | EXHIBITS released to counsel for plaintiff USA ; receipt filed (eeb, ) | |

| 08/10/2000 | 57 | REQUEST by defendant Calvin Gooch to travel to Cincinnati, OH and Ballwin, MO (tlf, ) |
|---|---|---|
| 04/02/2003 | 58 | PETITION from USPO Frederic Robinson that a summons be issued for deft. to be returned to crt. for a SR Revocation hrg. (kmf, ) (Entered: 04/07/2003) |
| 04/07/2003 | | Summons Issued as to Calvin Gooch. Supervised Release Revocaiton hrg. set for 5/20/2003 at 09:00 AM before Senior Judge Thomas J Curran. (kmf, ) |
| 04/14/2003 | | TRANSMIT FILE for Calvin Gooch to Judge Curran on 4/14/03. (kmf, ) |
| 04/22/2003 | 59 | Summons Returned Executed on 4/9/03 as to Calvin Gooch. (kmm, ) (Entered: 04/23/2003) |
| 05/20/2003 | 60 | NOTICE OF HEARING as to Calvin Gooch. Final Hearing re Revocation of Supervised Release set for 6/19/2003 at 09:30 AM before Senior Judge Thomas J Curran. (cc: all counsel)(kmf, ) |
| 05/30/2003 | 61 | NOTICE OF HEARING as to Calvin Gooch. Supervised Release Revocaiton hrg. reset for 6/24/2003 at 10:00 AM before Senior Judge Thomas J Curran. (kmf, ) (Entered: 06/02/2003) |
| 06/05/2003 | 62 | NOTICE OF HEARING as to Calvin Gooch. Supervised Release Revocation hrg. reset for 6/26/2003 at 10:00 AM before Senior Judge Thomas J Curran. (kmf, ) (Entered: 06/09/2003) |
| 06/26/2003 | 63 | Minute Entry (TJC) Supervised Release Revocation hrg. as to Calvin Gooch held on 6/26/2003 and 6/27/03. Upon application of the US Probation Office, the deft. has been found to have violated the conditions of SR imposed on 11/25/96; the SR term is hereby REVOKED. SENT: 2 mos. imprisonment w/work relese. The deft. shall surrender for service of sentence as notifed. SUPERVISED RELEASE: 30 Mos. RESTITUTION: $362,917.51 to: AT&T Law Division. (Court Reporter John Schindhelm) (kmf, ) Modified on 7/23/2003 (dmm, ). (Entered: 07/01/2003) |
| 06/27/2003 | 66 | STIPULATION as to Calvin Gooch (kmf, ) (Entered: 07/02/2003) |
| 06/30/2003 | 64 | AMENDED JUDGMENT as to Calvin GOOCH. Upon the application of the USPO, the deft. has been found to have violated his conditions of SR and the SR term is REVOKED. Signed by Judge Thomas J Curran on 6/30/03. (cc: all counsel) (kmf, ) |

(Entered: 07/01/2003)

| | | |
|---|---|---|
| 07/01/2003 | 🌑65 | EXHIBITS received from the revocation hearing held on 6/26/03 for USA as to Calvin Gooch exhibit list filed. (eeb, ) Modified on 10/20/2003 (eeb, ). Modified on 10/20/2003 (eeb, ). |
| 07/28/2003 | 🌑67 | LETTER from Calvin Gooch re: status of modification of SR conditions. (kmf, ) (Entered: 07/29/2003) |
| 08/11/2003 | 🌑68 | ORDER (TJC) A hrg. will be held for 8/26/03 in order to determine an appropriate modification to the deft.'s sentence. Until such time as the crt. has determined what modifications, if any, are necessary, the deft. is to remain at large and not required to report to any facility. (cc: all counsel) (kmf, ) (Entered: 08/12/2003) |
| 08/26/2003 | 🌑69 | Minute Entry (CNC) Supervised Release Revocation Hrg. as to Calvin Gooch held on 8/26/2003. Upon the application of USPO Robinson, the deft. has been found to have violated the conditions of SR and the SR term is hereby REVOKED. SENT: 1 day imprisonment. SUPERVISED RELEASE: 35 mos. Conditions of Supervised release imposed. See judgment for additional details. RESTITUTION: $362,917.51 to: AT&T Law Division. Exhibit A offered and received. Motion to w/draw as counsel by atty. Birdsall - GRANTED. Deft. is remanded to the custody of the U.S. Marshal. (Court Reporter John Schindhelm) (kmf, ) (Entered: 08/28/2003) |
| 08/26/2003 | 🌑70 | AMENDED JUDGMENT as to Calvin Gooch. Upon the application of USPO Robinson, the deft. has been found to have violated the conditions of SR and the SR term is hereby REVOKED. SENT: 1 day imprisonment. SUPERVISED RELEASE: 35 mos. Conditions of Supervised release imposed. See judgment for additional details. RESTITUTION: $362,917.51 to: AT&T Law Division. Deft. is remanded to the custody of the U.S. Marshal. (Court Reporter John Schindhelm) (kmf, ) Signed by Judge Thomas J Curran on 8/26/03. (cc: all counsel) (kmf, ) (Entered: 08/28/2003) |
| 08/26/2003 | 🌑71 | MOTION to Withdraw as counsel by Attorney John Birdsall w/attached affidavit in support. (kmf, ) (Entered: 08/28/2003) |
| 08/26/2003 | 🌑72 | ORDER (TJC) GRANTING atty. Birdsall's Motion to Withdraw as Counsel [71]. (cc: all counsel) (kmf, ) (Entered: 08/28/2003) |
| 11/05/2003 | 🌑73 | EXHIBITS released to counsel (from the revocation hrg held on 8/26/03) for USA as to Calvin Gooch, receipt filed. (eeb, ) Modified on 11/13/2003 (eeb, ). (Entered: 11/12/2003) |

| 01/26/2004 | ●74 | ORDER (TJC) transferring probation jurisdiction of Calvin Gooch from the E.D. of Wisconsin and ORDER accepting jurisdiction in the N.D. of Illinois. (kmf, ) (Entered: 01/28/2004) |